92 F.3d 1188
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Miles D. SAUNDERS, Defendant-Appellee.
 No. 95-2769.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 23, 1996.*
Decided July 23, 1996.
 
 Before CUMMINGS, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Miles Saunders moved the district court, pursuant to 18 U.S.C. § 3582(c)(2), to resentence him in accordance with the amended Application Note 2 of U.S.S.G. § 4B1.1.[1] The district court granted Saunders's motion, and the United States appeals.
 
 
 2
 During the pendency of this appeal, in United States v. Hernandez, 79 F.3d 584, 595 (7th Cir.1996), petition for cert. filed (U.S. June 17, 1996) (Nos. 95-8469 and 95-9335), this court held that the amended Application Note 2 is invalid because it conflicts with Congress's intent that repeat offenders serve sentences close to the maximum term authorized for their offenses. The amendment therefore has no application in this circuit. Id. at 601. Saunders concedes that his case presents issues no different than those resolved in Hernandez; thus, the district court's decision to hold a hearing to resentence him is REVERSED and Saunders's sentence remains unaffected by its ruling.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The amendment (Amendment 506) directed courts to discount the enhanced levels of punishment associated with career offender status when calculating the "offense statutory maximum" in order to set the defendant's base offense level. It was specifically made retroactive under U.S.S.G. §§ 1B1.10(a) and (c)